IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 1:CR-88-172-01 |
| v. : | FILED HARRISBURG |
| BENJAMIN WEST : | JUN 0 6 2005 |
| | MARY E. D'ANDREA, CLERK |
| MEMORANDUM | Per_____ DEPUTY CLERK |

Before the court is a letter from Defendant Benjamin West dated April 12, 2005, in which he requests consideration of his sentence pursuant to USSG § 5G1.3 regarding credit for time served on a state sentence for offense conduct related to is federal offense.

Background

On December 16, 1986, Defendant was arrested on local drug charges in York, Pennsylvania. He was released on bail on January 6, 1987, later pleaded guilty but failed to appear for sentencing in York County on December 28, 1987. On July 11, 1988, Defendant was apprehended and remained in state custody until he was sentenced in York County on May 8, 1989 to a term of 3 to 6 years.

On February 14, 1989, a federal superseding indictment was returned charging Defendant with various drug trafficking crimes. He went to trial and was found guilty on April 6, 1989. While in state custody and serving his state sentence, Defendant was sentenced in federal court on November 30, 1989 and then returned

to state custody. On June 17, 1991, Defendant completed his state sentence and commenced his federal sentence.

Discussion

The presentence report in the captioned case assigned no criminal history points to the York County conviction, indicating that the conviction included conduct also part of the instant federal offense. York County Court documents also reflect that the state offense conduct was the same or similar to conduct considered in the federal charges, and the York County drug amounts appear to have been used in the guideline calculations. In 1989, however, there were no provisions under USSG § 5G1.3, to adjust a federal sentence for time already served on a related and undischarged state term – this did not occur until 1991. At sentencing, the court could have considered a concurrent sentence, but the matter does not appear to have been raised by Defendant or counsel and, as the judgment did not note otherwise, the Bureau of Prisons considered the federal sentence consecutive to the state term.

Pursuant to USSG § 5G1.3(b), the court may order that a federal sentence run concurrently with a state sentence imposed for offense conducted related to a federal offense. The court should also adjust the sentence for time served on the related state sentence. In the case at bar, Defendant served approximately three years (36 months) in state custody.

Conclusion

In the interest of justice, the court believes that Defendant's sentence be amended so that a 36 month reduction from the original sentence imposed be

granted pursuant to USSG § 5G1.3(b). The judgment shall also be amended to reflect that it is the court's intent to be that the sentence run concurrently to Defendant's state sentence. An appropriate order will be issued.

                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: June 6, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:CR-88-172-01 |
| v. | |
| BENJAMIN WEST | |

FILED
HARRISBURG
JUN 0 6 2005
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### ORDER AMENDING JUDGMENT

**IT IS HEREBY ORDERED THAT** the November 30, 1989, Judgment in the captioned case is amended as follows:

1) The defendant is committed to the custody of the attorney general or his authorized representative to be imprisoned for a term of 324 months on each of Counts 1, 3, and 4, to be served concurrently with each other and with the previously served state sentence imposed in York County Court, Pennsylvania, at docket number 276 CA 1987.

2) This reduction of sentence is made pursuant to USSG § 5G1.3(b).

3) The federal prosecutor has no objection to this adjustment.

4) In all other respects, the November 30, 1989 Judgment remains the same.

5) The Clerk of court shall docket Defendant's letter dated April 12, 2005 as a motion by Defendant pursuant to USSG § 5G1.3.

SYLVIA H. RAMBO
United States District Judge

Dated: June 6, 2005.